

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. AP-76,358

**EX PARTE AIMEE ANDREA FISHER-RIZA, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. F41507 IN THE 413TH DISTRICT COURT
FROM JOHNSON COUNTY**

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felony murder and injury to a child and sentenced to twenty-eight years' and twenty years' imprisonment, respectively. The First Court of Appeals affirmed her conviction. *Fisher-Riza v. State*, No. 01-08-00264 (Tex. App.–Houston [1st Dist.], delivered December 3, 2009).

Applicant contends that her appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that her conviction had been affirmed and failed to timely advise

her of her right to petition for discretionary review *pro se.* Specifically, Applicant claims that she did not receive notice that her conviction had been affirmed and was not notified of her right to file a *pro se* petition for discretionary review until the deadline to do so had already passed. We remanded this application to the trial court for findings of fact and conclusions of law.

On remand, the trial court was ordered to obtain the mail logs from the Texas Department of Criminal Justice Unit where Applicant was housed when her conviction was affirmed. The mail logs from that unit reflect that Applicant did not receive any legal mail from her attorney between the date her conviction was affirmed and the deadline for filing a *pro se* petition for discretionary review. The trial court has entered findings of fact and conclusions of law that appellate counsel failed to timely notify Applicant that her conviction had been affirmed and failed to timely advise her of her right to petition for discretionary review *pro se.* We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the First Court of Appeals in Cause No. 01-08-00264-CR that affirmed her conviction in Case No. F41507 from the 413th Judicial District Court of Johnson County. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). Applicant shall file her petition for discretionary review with the First Court of Appeals within 30 days of the date on which this Court's mandate issues.

Delivered: May 26, 2010
Do not publish